NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULETTE NAVARRO, | No. 24-7705 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05065-SK |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted April 20, 2026[**]
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Paulette Navarro seeks disability insurance benefits under Title II

of the Social Security Act. An administrative law judge (ALJ) denied her claim,

concluding that she had sufficient residual functional capacity (RFC) to perform

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relevant past work. The district court affirmed, and Navarro timely appealed. *See* Fed. R. App. P. 4(a)(1)(B). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's order that upholds the denial of social security benefits." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024). We will only set aside the ALJ's decision if it is unsupported by substantial evidence or premised on a legal mistake. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024). "Substantial evidence is more than a mere scintilla." *Id.* (citation omitted). If the evidence can go either way, we will not "substitute our judgment for that of the ALJ." *Ferguson*, 95 F.4th at 1199. Because Navarro filed her application for benefits on March 16, 2017, the standards for assessing medical evidence that were in effect prior to March 27, 2017, apply here. *See* 20 C.F.R. § 404.1527.

1.      ***Medical Evidence.*** Navarro first argues that the ALJ improperly discredited the testimony of psychologists Paul Martin, who examined Navarro, and Donald Fallin, who treated her. Though we give special weight to the opinions of examining and treating care providers, when they are contradicted the ALJ may reject them "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ properly offered "specific and legitimate reasons" for affording less weight to Dr. Martin's opinion relative to Dr. Alan Berkowitz's contrary one by pointing to

the discrepancy between Dr. Martin's conclusions as to Navarro's mental condition and the normal findings that he made upon examining Navarro.

Turning to Dr. Fallin, we begin by noting that, rather than discrediting Dr. Fallin's opinion entirely, the ALJ afforded it "some weight." The ALJ did not give more weight to Dr. Fallin because Dr. Fallin attributed Navarro's declining mental health mainly to her chronic pain, rather than to any underlying mental condition. This was not error, as pain from a physical condition is a symptom of the physical condition rather than a separate impairment. *See* 20 C.F.R. § 404.1529(b).

We conclude that the ALJ provided specific and legitimate reasons supported by substantial evidence with respect to both psychologists' opinions. *See Lester*, 81 F.3d at 830–31.

2. ***Asthma.*** Navarro asserts that the ALJ improperly failed to account for her asthma in assessing her RFC by not including her "need for unscheduled breaks during the workday to use her nebulizer." The record, however, indicated that Navarro had switched from the nebulizer to inhalers—a fact Navarro introduced no evidence to rebut. It was thus appropriate for the ALJ to make his RFC determination without reference to Navarro's nebulizer use. *See* 20 C.F.R. §§ 416.960, 416.965.

3. ***Navarro's Testimony.*** Navarro suggests that the ALJ improperly rejected her symptom-related testimony. "[T]he ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive

objective medical evidence fully corroborating every allegation within the subjective testimony." *Ferguson*, 95 F.4th at 1200 (citation modified). Rather, to discount the claimant's symptom testimony "the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with [such evidence]." *Id.* Here, the ALJ gave a detailed explanation for why he discounted Navarro's testimony, referencing both various medical evidence that was inconsistent with Navarro's description of her disability and Navarro's own contradictory past statements. Where, as here, the ALJ has carefully parsed the applicant's testimony and reached a conclusion supported by substantial evidence, the concern that he has "simply stated h[is] non-credibility conclusion and then summarized the medical evidence supporting h[is] RFC determination" is not implicated. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (as amended).

**4.** ***Lay Witness Testimony.*** Navarro argues the ALJ erroneously discredited the statement of her daughter because it was unsupported by medical evidence. Under the rules applicable to Navarro's application for benefits, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *see Schneider v. Comm'r*, 223 F.3d 968, 974–75 (9th Cir. 2000) (evaluating an ALJ's assessment of lay evidence in the form of letters). Navarro mischaracterizes the

ALJ's treatment of her daughter's statement. The ALJ made clear that he "strongly considered [it] in assessing [Navarro]'s allegations" and that it "caused [him] to ultimately reduce[] the exertional capacity, despite . . . examining physicians determining that [Navarro] could lift and carry higher amounts of weight." In giving the daughter's statement no further weight, the ALJ observed that some of her assertions contradicted medical evidence and reflected a sympathetic party's perspective. Each observation was a germane reason to discount this lay-witness evidence and the weight the ALJ afforded to it was supported by substantial evidence.

5.    ***Vocational Expert Testimony.*** Finally, Navarro argues that the ALJ asked the vocational expert an incomplete hypothetical, an argument which relates entirely to the previously discussed issues. As we find no error in the ALJ's treatment of the evidence, the hypothetical posed to the vocational expert was based on an accurate assessment of Navarro's RFC. *See Hill v. Astrue*, 698 F.3d 1153, 1161–62 (9th Cir. 2012); *see also Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (explaining that the ALJ's hypothetical is required to be "accurate, detailed, and supported by the medical record"). Navarro raises no other objection to the hypothetical, and so it offers no reason for reversal.

**AFFIRMED.**